# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ASD SPECIALTY, INC. | Case No. 2:14-cv-01585-MMD-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| FVS HOLDINGS, INC. d/b/a GREEN VALLEY DRUGS, | |
| Defendant. | |

This matter is before the Court on Plaintiff ASD Specialty Inc.'s ("plaintiff") ex parte motion for a judgment debtor exam (doc. # 3), filed October 8, 2014. Having secured a judgment in its favor for $1,600,000.00, plaintiff requests an order requiring Defendant FVS Holdings, Inc. ("defendant") to: (1) designate a person most knowledgeable to appear and be examined under oath regarding defendant's property and assets, and (2) produce several categories of documents to plaintiff's counsel one week prior to the examination.

Federal Rule of Civil Procedure 69 provides that the procedure regarding "proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located." See Fed. R. Civ. P. 69(a)(1). Rule 69 further provides that "[i]n aid of judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The scope of post-judgment discovery is broad and the judgment-creditor is permitted to make a broad inquiry to discover any hidden or concealed assets of a judgment-debtor. 1st Technology, LLC v. Rational Enterprises, Ltda, No. 2:06CV-01110-RLH-GWF, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007) (citation omitted). Rule 69 permits a judgment creditor to obtain post-judgment discovery pursuant to the

procedures set forth in the Federal Rules of Civil Procedure or pursuant to state law. Id. Under Nevada law:

> A judgment creditor, at any time after the judgment is entered, is entitled to an order from the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property, before:
>
> (a) The judge or a master appointed by the judge; or
>
> (b) An attorney representing the judgment creditor,
>
> at a time and place specified in the order. No judgment debtor may be required to appear outside the county in which the judgment debtor resides.

See Nevada Revised Statutes ("NRS") 21.270(1).

The requested judgment-debtor exam is authorized under the aforementioned law. The undersigned expresses no view regarding the various categories of documents plaintiff requests that the judgment debtor bring to the examination, except to say that such requests must conform to the Federal Rules or "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); see also Alcalde v. NAC Real Estate Investments & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) ("The judgment creditor may also propound discovery to the judgment debtor, including requests for production and/or inspection of documents.").

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that plaintiff's ex parte motion for a judgment debtor exam (doc. # 3) is **granted**.

**IT IS FURTHER ORDERED** that defendant shall produce a person most knowledgeable to appear and be examined on **November 14, 2014 at 10:00 AM** at the offices of the Aldrich Law Firm, Ltd., 1601 S. Rainbow Boulevard, Suite 160, Las Vegas, NV 89146, to then and there answer questions under oath regarding defendant's assets and means of paying the judgment in this matter and for such other proceedings as there may occur consistent with proceedings supplementary to execution.

**IT IS FURTHER ORDERED** that defendant shall refrain from effectuating any transfer of, or interference with, any of its property that is not exempt from execution.

**IT IS FURTHER ORDERED** that a copy of this order shall be personally served upon defendant at least **fourteen (14)** calendar days before the hearing scheduled herein and proof of service

filed with the Court. Failure to appear may subject defendant to sanctions for contempt of court.

DATED: October 14, 2014

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**